# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**RODRIC D. COHNS**  PETITIONER
**ADC #131216**

v.  Case No. 5:18-cv-00154-KGB

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  RESPONDENT

## ORDER

Before the Court are Findings and Recommendations submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 12). Plaintiff Rodric Cohns filed a timely objection to the Findings and Recommendations (Dkt. No. 15). After careful review of the Findings and Recommendations, a *de novo* review of the record, and a review of the objections, the Court adopts the Findings and Recommendations as its findings in all respects (Dkt. No. 12). Furthermore, the Court denies Mr. Cohns' pending motion to strike response (Dkt. No. 17).

Mr. Cohns is currently seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Cohns filed his petition on June 13, 2018, and on July 26, 2018, Judge Harris entered an Order directing the Clerk of Court to serve a copy of the petition on respondent Wendy Kelley *via* regular mail (Dkt. No. 6). In the same Order, Judge Harris directed Ms. Kelley "to file an answer, motion, or other response, to the petition . . . within twenty-one (21) days after service of this petition, exclusive of the day of service." (*Id.*). On August 20, 2018, Mr. Cohns filed a motion for default judgment against Ms. Kelley, arguing that Ms. Kelley had failed to reply within 21 days of service and had therefore defaulted (Dkt. No. 9). On August 21, 2018, Ms. Kelley filed a response to Mr. Cohn's petition (Dkt. No. 10).

In his objection, Mr. Cohns argues that, because Ms. Kelley's response was filed "twenty five days after" Judge Harris' Order was entered, Ms. Kelley's response is untimely (Dkt. No. 12). In response, Ms. Kelley asserts that she was served with Mr. Cohn's petition on July 31, 2018, and that her response was therefore timely (Dkt. No. 16, at 1). In support of this assertion, Ms. Kelley presents the memorandum of Chris Coody, a "Compliance Investigator," in which Mr. Coody states that "[a] Habeas case was received on July 31, 2018[,] . . . by U.S. Mail Certified." (Dkt. No. 16-1). Mr. Cohns then filed a motion to strike Ms. Kelley's response and the memorandum, arguing that Ms. Kelley's response "presents lies and misinformation" and that the memorandum "was introduced by respondent to insinuate a false service date and cause confusion to petitioner and the Court." (Dkt. No. 17, at 2).

The Court finds that Mr. Cohns has failed to show that he is entitled to entry of a default judgment. First, while the Court notes that the Eighth Circuit has not ruled on whether habeas corpus petitioners are entitled to default judgment under Rule 55(a) of the Federal Rules of Civil Procedure for failures to answer, it appears that every other Court of Appeals to consider the question has decided that such petitioners are not entitled to default judgments or that they are entitled to default judgments only in extreme circumstances. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (same); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (same); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. Unit A Apr. 1981); *Ruiz v. Cady*, 660 F.2d 337, 341 (7th Cir. 1981) (finding that a five-day delay did not entitle petitioner to a default judgment). Second, even if habeas corpus petitions are governed by Rule 55(a) of the Federal Rules of Civil Procedure, a party seeking a default judgment must first submit proof to the clerk that the opposing party has failed

to plead or otherwise defend itself. Fed. R. Civ. P. 55(a); *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). Mr. Cohns has failed to submit any proof of the date of effective service upon Ms. Kelley, so he has failed to show when Ms. Kelley's response was due. Because Mr. Cohns has failed to submit the proof necessary for the clerk to enter a default under Rule 55(a), the Court denies without prejudice Mr. Cohns' motion for default judgment (Dkt. No. 9).

Finally, the Court denies Mr. Cohns' motion to strike because it is directed at a response and an exhibit, not at a pleading. Fed. R. Civ. P. 12(f) (stating that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *see Donnelly v. St. John's Mercy Med. Ctr.*, No. 4:08-CV-347 CAS, 2009 WL 1259364, at *1 (E.D. Mo. May 5, 2009) ("Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike.") (citation omitted).

It is therefore ordered that:

1. The Court adopts the Findings and Recommendations as its findings in all respects (Dkt. No. 12).

2. Mr. Cohn's motion for default judgment is denied (Dkt. No. 9).

3. Mr. Cohn's motion to strike response is denied (Dkt. No. 17).

So ordered this the 25th day of March, 2019.

Kristine G. Baker
United States District Judge