# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**RODRIC D. COHNS**  **PETITIONER**
ADC #131216

v.  Case No. 5:18-cv-00154-KGB

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  **RESPONDENT**

## ORDER

Before the Court are Findings and Recommendations submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 21). Plaintiff Rodric Cohns filed an objection to the Findings and Recommendations (Dkt. No. 22). After careful review of the Findings and Recommendations, a *de novo* review of the record, and a review of the objections, the Court adopts the Findings and Recommendations as its findings in all respects (Dkt. No. 21). Furthermore, the Court denies Mr. Cohns' petition for writ of habeas corpus (Dkt. No. 1). The Court denies as moot Mr. Cohns' motion for status update (Dkt. No. 24).

**I.  Background**

Mr. Cohns is currently in the custody of the Arkansas Department of Correction ("ADC") and is seeking a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. Nos. 1; 21, at 1). A Faulkner County jury was convened in 2014 after Mr. Cohns was charged with aggravated robbery and theft of property (Dkt. No. 21, at 1). The trial court declared a mistrial (*Id.*). Following the mistrial, the prosecutor amended the information to include charges of witness bribery and failure to appear (*Id.*). Mr. Cohns requested and received a severance of the new charges (*Id.*). In October 2015, Mr. Cohns was tried and convicted of aggravated robbery, and he was sentenced as an habitual offender to ten years' imprisonment, which was the minimum sentence available to the jurors (*Id.*,

at 1-2). In January 2016, Mr. Cohns was tried and convicted of witness bribery and failure to appear, and he was sentenced as an habitual offender to 42 years' imprisonment (*Id.*, at 2). Mr. Cohns did not appeal his convictions for witness bribery and failure to appear (*Id.*). In his direct appeal of the aggravated robbery conviction, Mr. Cohns alleged that he was subjected to double jeopardy and that the trial court erred in denying his motion to suppress a statement he made to the victim at the scene of the crime (*Id.*). *Cohns v. State*, 516 S.W.3d 789 (Ark. Ct. App. 2017), *reh'g denied* (Apr. 19, 2017), *review denied*, 2017 Ark. 187 (2017). Although Mr. Cohns sought state habeas corpus relief on several occasions, he did not file a timely Rule 37 petition (*Id.*).

On June 13, 2018, Mr. Cohns filed his federal habeas corpus petition (Dkt. No. 1). In that petition, Mr. Cohns alleged the following claims for relief: (1) he was subjected to double jeopardy with regard to his aggravated robbery conviction; (2) he was sentenced to terms that exceed the maximum statutory range of punishment regarding his convictions for witness bribery and failure to appear; (3) trial court error in connection with DNA testing of hairs, apparently with regard to his aggravated robbery conviction; and (4) error in withholding video and audio evidence regarding the aggravated robbery conviction (*Id.*, at 5-11). For relief, Mr. Cohns asks the Court to enter an order dismissing petitioner's conviction with prejudice or modify his sentence to fall within the legal statutory range of punishment (*Id.*, at 15). Defendant Wendy Kelley responded in opposition to Mr. Cohns' petition, and Mr. Cohns replied to that response (Dkt. Nos. 10, 18). In response to an Order from Judge Harris, Director Kelley provided supplemental briefing regarding Mr. Cohns' status as a habitual offender and addressing the merits of Mr. Cohns' second claim for relief (Dkt. Nos. 19, 20).

## II. Findings And Recommendations

Judge Harris recommends that Mr. Cohns' petition for writ of habeas corpus be dismissed (Dkt. No. 21, at 15). Regarding Mr. Cohns' first claim, Judge Harris reproduced four pages of the Arkansas Court of Appeals' underlying opinion and found that the state court had ruled on the merits of this claim, meaning that Mr. Cohns was required to show that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court" (*Id.*, at 7). 28 U.S.C. § 2254(d)(1), (2). Judge Harris found that Mr. Cohns failed to make this showing (Dkt. No. 21, at 8-9).

Regarding Mr. Cohns' second claim, Judge Harris found that Mr. Cohns failed to explain adequately why he did not pursue federal appellate relief prior to this habeas petition (*Id.*, at 13). In Mr. Cohns' reply, he argued that he received ineffective assistance of counsel on this issue (Dkt. No. 18, at 5-6). Judge Harris found that argument as an explanation for why Mr. Cohns did not pursue *state* appellate relief rather than *federal* appellate relief in a timely fashion (Dkt. No. 21, at 13). Judge Harris found that Mr. Cohns did not timely pursue federal relief regarding his second claim and did not explain his failure to do so in a satisfactory manner (*Id.*, at 13-14). Additionally, Judge Harris found inapplicable any equitable tolling of the statutory period to salvage Mr. Cohns' claim (*Id.*, at 14). Accordingly, Judge Harris recommends dismissal of Mr. Cohns' second claim as untimely (*Id.*).

Regarding Mr. Cohns' third and fourth claims, Judge Harris found them procedurally barred because Mr. Cohns failed to present adequately these claims in state court (*Id.*, at 9). However, setting aside procedural default, Judge Harris also found these claims meritless (*Id.*, at 10-11). Regarding the third claim, Judge Harris found that Mr. Cohns failed to demonstrate that a

trial error occurred or that the DNA testing of hair found on a jacket introduced into evidence would have uncovered evidence relevant to the charges against him or affected the trial result (*Id.*, at 10). Regarding the fourth claim, Judge Harris found that Mr. Cohns failed to show a due process violation from withholding audio or video evidence since that evidence was not withheld but rather was lost due to malfunctions (*Id.*, at 11). The jury was apprised of the loss of the recording and had the opportunity to assess the credibility of the witnesses testifying to that fact, and Mr. Cohns' attorney aggressively cross-examined on the issue (*Id.*). In addition, Judge Harris found that Mr. Cohns failed to establish that, even had the alleged error occurred, such withholding amounted to a constitutional deprivation (*Id.*). Accordingly, Judge Harris found no merit in Mr. Cohns' third and fourth claims and recommended their dismissal (*Id.*).

### III.     Mr. Cohns' Objections

The Court writes to address Mr. Cohns' objections (Dkt. No. 22). As to his first claim, Mr. Cohns argues that the Arkansas Court of Appeals acknowledged the merits of his claim but avoided and failed to address them (*Id.*, at 2). Accordingly, Mr. Cohns asserts that the state court failed to conduct a proper adjudication on the merits as required by 28 U.S.C. § 2254 (*Id.*). Mr. Cohns asserts that the merits of his double jeopardy claim are that the trial court declared mistrial on its own motion without the required "overruling necessity" required by the Arkansas Rules of Criminal Procedure and against the objections of defendant and the State (*Id.*).

The Findings and Recommendations expressly quote the Arkansas Court of Appeals' rebuttal of this argument (Dkt. No. 21, at 3-7). The Arkansas Court of Appeals undertook *de novo* review of the trial court's decision that Mr. Cohns' protection against double jeopardy was not violated, and the appellate court afforded no deference to the trial court's determination. *See Cohns*, 516 S.W.3d at 792 (citing *Shelton v. State*, 326 S.W.3d 429 (Ark. 2009)). The appellate

court noted that under Arkansas law "a former prosecution is an affirmative defense to a subsequent prosecution for the same offense if the former prosecution was terminated without the express or implied consent of the defendant after the jury was sworn, unless the termination was justified by overruling necessity." *Id.* at 792 (citing Ark. Code Ann. § 5-1-112(3)). However, the appellate court also noted that "a defendant's consent to the termination of the trial" provides grounds for such termination and dispenses with the requirement of "overruling necessity." *Id.* at 793 (citing *Phillips v. State*, 992 S.W.2d 86 (Ark. 1999)).

The appellate court determined that, "[w]hen defense counsel refuses to consent to a mistrial but clearly indicates an unwillingness to continue the trial, the defendant can be said to have consented to discontinuance of the trial." *Id*. (citation omitted). The appellate court found that the record demonstrated that Mr. Cohns' counsel evidenced his consent to terminate the proceedings by unequivocally stating that he could not go forward with the trial, held that there was no constitutional double-jeopardy violation, and ruled that the trial court committed no error in denying appellant's motion to dismiss. *Id.* Despite Mr. Cohns' objection, this Court agrees with Judge Harris and the Arkansas Court of Appeals in finding that the merits of Mr. Cohns' first claim were addressed and adjudicated by the state court.

Anticipating this finding, Mr. Cohns raises a related objection regarding his first claim and argues that the appellate court wrongly concluded that Mr. Cohns' counsel consented to terminating the proceedings and that the Findings and Recommendations adopt this false conclusion (Dkt. No. 22, at 3-4). In support of this argument, Mr. Cohns highlights Justice Josephine Linker Hart's dissent from the Arkansas Supreme Court's denial of review of his case (Dkt. Nos. 10-22; 22, at 4). *See Cohns v. State*, 2017 Ark. 187, 2017 WL 2197758 (Ark. 2017). The Court has reviewed both Justice Hart's dissent, the relevant underlying transcripts from the

5

trial court, and the Arkansas Court of Appeals' decision (Dkt. Nos. 10-6, 10-22). *See Cohns*, 516 S.W.3d at 789. The Court agrees with Judge Harris' findings on this objection, as well. The Court must "presume that the state court's findings are correct," and Mr. Cohns "bears the burden of rebutting that presumption by clear and convincing evidence." *Ervin v. Bowersox*, 892 F.3d 979, 985 (8th Cir. 2018) (citing 28 U.S.C. § 2254(e)(1)). "Moreover, '[t]he existence of some contrary evidence in the record does not suffice to show that the state court's factual determination was unreasonable.'" *Id.* (quoting *Cole v. Roper*, 783 F.3d 707, 711 (8th Cir. 2015)). Mr. Cohns fails to present such evidence. Accordingly, the Court overrules this objection.

Mr. Cohns' final objection alleges a "violation of [his] right to due process in connection to the failure of [the] state to test hairs collected for DNA" (Dkt. No. 22, at 5). Mr. Cohns asserts that "DNA testing could have identified or ruled out a third party and proven that [he] was not the assailant responsible for the crime committed" (*Id.*). To establish that this alleged error violated his due process rights, Mr. Cohns must "prove that the asserted error was so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir. 1976) (internal quotations and citations omitted). Judge Harris addressed this argument in her Findings and Recommendations by finding that "[t]he conviction for aggravated robbery in no way rested upon DNA results on the jacket" and that Mr. Cohns failed to "establish any error with regard to the lack of DNA hair testing" (Dkt. No. 21, at 11). The Court agrees with Judge Harris and finds that the state did not violate Mr. Cohns' due process rights by declining to DNA test hairs found on the coat in Mr. Cohns' vehicle. Accordingly, the Court overrules this objection.

### IV. Certificate Of Appealability

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, courts must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). This Court agrees with the Findings and Recommendations and finds no issue on which Mr. Cohns has made a substantial showing of a denial of a constitutional right (Dkt. No. 21, at 15). Accordingly, no certificate of appealability should issue.

### V. Conclusion

For the foregoing reasons, it is therefore ordered that:

1. The Court adopts the Findings and Recommendations as its own findings in all respects (Dkt. No. 21);

2. The Court overrules Mr. Cohns' objections (Dkt. No. 22);

3. The Court denies Mr. Cohns' petition for writ of habeas corpus (Dkt. No. 1) and denies the relief requested;

4. The Court denies as moot Mr. Cohns' motion for status update (Dkt. No. 24); and

5. The Court declines to issue a certificate of appealability.

So ordered this the 10th day of January, 2020.

_____
Kristine G. Baker
United States District Judge